1

2

3

4                    UNITED STATES DISTRICT COURT

5                  EASTERN DISTRICT OF WASHINGTON

6  WESLEY E. TROGLIA,                )
                                     )  No. CV-09-00057-JPH
7            Plaintiff,              )
                                     )  ORDER GRANTING DEFENDANT'S
8  v.                                )  MOTION FOR SUMMARY JUDGMENT
                                     )
9  MICHAEL J. ASTRUE, Commissioner   )
   of Social Security,               )
10                                   )
                                     )
11           Defendant.              )
                                     )
12  _____   )

13       BEFORE THE COURT are cross-motions for summary judgment noted

14  for hearing without oral argument on October 2, 2009.  (Ct. Rec.

15  13, 16).  Attorney Maureen J. Rosette represents Plaintiff;

16  Special Assistant United States Attorney Benjamin J. Groebner

17  represents the Commissioner of Social Security ("Commissioner").

18  Plaintiff filed a reply brief on September 17, 2009. (Ct. Rec.

19  18.) The parties have consented to proceed before a magistrate

20  judge. (Ct. Rec. 8.)  After reviewing the administrative record

21  and the briefs filed by the parties, the court **GRANTS** Defendant's

22  Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's

23  Motion for Summary Judgment (Ct. Rec. 13).

24                            **JURISDICTION**

25       Plaintiff protectively filed applications for disability

26  insurance benefits (DIB) and supplemental security income (SSI) on

27  January 17, 2007, alleging disability due to heart problems,

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 1 -

syncope, obesity, gastroesophageal regurgitation disorder (GERD), chest and back pain, numbness in the arms and legs, hypertension, depression, antisocial personality disorder, and polysubstance abuse in remission. (Tr. 61,64,73, 111-113,119-123,144,175,177,180.)  Both applications allege onset as of January 7, 2007.  (Tr. 111, 119.)  The applications were denied initially and on reconsideration. (Tr. 65-72, 74-77.)

At a hearing before Administrative Law Judge (ALJ) Paul Gaughen on November 18, 2008, plaintiff, represented by counsel, medical expert Rueben Beezy, M.D., and vocational expert Deborah LaPoint testified.  (Tr. 30-60.)  On December 24, 2008, the ALJ issued an unfavorable decision.  (Tr. 15-27.)  The Appeals Council denied Mr. Troglia's request for review on February 20, 2009. (Tr. 1-3.)  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on March 2, 2009. (Ct. Rec. 2, 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 43 years old at the time of the hearing.  (Tr. 38.) He went to the tenth grade, earned a GED, and  attended college at night for four years but did not earn a degree.  (Tr. 39-40.)  Plaintiff has past relevant work as a landscaper and foreman, fast food worker and supervisor,  hotel maintenance worker, chop saw operator, grinder, and electronics inspector.

(Tr. 36-37, 51-52.)  His heartbeat feels irregular with increased
stress. Plaintiff can walk two and a half blocks, sit an hour and
twenty minutes, stand one hour, and lift five pounds.  Plaintiff
has pain in his left leg and lower back; he rests six times a day
for 30-45 minutes (Tr. 41-45.) He watches television, draws,
paints, whittles, and visits with family. (Tr. 46,49.)  Plaintiff
stopped drinking a little over a year before the hearing, and he
quit using drugs six years before the hearing. He suffers six
headaches a week. (Tr. 47.)

SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability"
as the "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment
which can be expected to result in death or which has lasted or
can be expected to last for a continuous period of not less than
twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The
Act also provides that a Plaintiff shall be determined to be under
a disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,
considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 3 -

is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 4 -

1      The initial burden of proof rests upon plaintiff to establish

2   a *prima facie* case of entitlement to disability benefits.

3   *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

4   *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is

5   met once plaintiff establishes that a physical or mental

6   impairment prevents the performance of previous work.  The burden

7   then shifts, at step five, to the Commissioner to show that (1)

8   plaintiff can perform other substantial gainful activity and (2) a

9   "significant number of jobs exist in the national economy" which

10  plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

11  Cir. 1984).

12                        **STANDARD OF REVIEW**

13      Congress has provided a limited scope of judicial review of a

14  Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold

15  the Commissioner's decision, made through an ALJ, when the

16  determination is not based on legal error and is supported by

17  substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

18  (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

19  1999).  "The [Commissioner's] determination that a plaintiff is

20  not disabled will be upheld if the findings of fact are supported

21  by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572

22  (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence

23  is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

24  1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.

25  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

26  *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

27  573, 576 (9th Cir. 1988).  Substantial evidence "means such

28  evidence as a reasonable mind might accept as adequate to support

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 5 -

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At the outset, the ALJ found plaintiff met the DIB requirements and was insured through June 30, 2009. (Tr. 17, 144.) The ALJ found at step one that although plaintiff earned some income after onset, he has not engaged in substantial gainful

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 6 -

activity.  (Tr. 17.)  At steps two and three, the ALJ found that
plaintiff suffers from viral myocarditis (inflammation of the
heart), syncope episodes of unknown cause, GERD, morbid obesity,
chest pain of unknown cause, back pain, mild hypertension,
depression, antisocial personality disorder, and polysubstance
abuse in remission, impairments that are severe but which do not
alone or in combination meet or medically equal a Listing
impairment.  (Tr. 17-18.)  The ALJ found plaintiff less than
completely credible.  (Tr. 21.)  At step four, relying on the VE,
the ALJ found plaintiff's RFC for a range of light work enables
him to perform his past relevant work as a fast food worker and
electronics inspector.  (Tr. 26.) Because the ALJ found at step
four plaintiff can perform past relevant work, step five was
unnecessary.  Accordingly, the ALJ found that plaintiff is not
disabled as defined by the Social Security Act. (Tr. 27.)

**ISSUES**

     Plaintiff contends the Commissioner erred as a matter of law
by failing to (1) properly weigh the medical evidence,
specifically the opinions of examining psychologist W. Scott
Mabee, Ph.D., and testifying expert Rueben Beezy, M.D., and  (2)
properly assess his (plaintiff's) credibility.  (Ct. Rec. 14 at
12-14, 14-16.)  The Commissioner responds that the ALJ's decision
is supported by substantial evidence and free of legal error, and
should therefore be affirmed.  (Ct. Rec. 17 at 3.)

**DISCUSSION**

**A. Weighing medical evidence**

     In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 7 -

evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908.  The effects of all symptoms must be
evaluated on the basis of a medically determinable impairment
which can be shown to be the cause of the symptoms. 20 C.F.R. §
416.929.  Once medical evidence of an underlying impairment has
been shown, medical findings are not required to support the
alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d
341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th
Cir. 1989).  However, the treating physician's opinion is not
"necessarily conclusive as to either a physical condition or the
ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,
751 (9th Cir. 1989) (citations omitted).  More weight is given to
a treating physician than an examining physician. *Lester v.
Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more
weight is given to the opinions of treating and examining
physicians than to nonexamining physicians. *Benecke v. Barnhart*,
379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining
physician's opinions are not contradicted, they can be rejected
only with clear and convincing reasons. *Lester*, 81 F. 3d at 830.
If contradicted, the ALJ may reject an opinion if he states
specific, legitimate reasons that are supported by substantial
evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44
F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 8 -

advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

*Psychological impairment*

Plaintiff contends the ALJ failed to properly credit the opinion of examining psychologist W. Scott Mabee, Ph.D, that plaintiff suffers several moderate limitations. (Ct. Rec. 14 at 12-14.) Plaintiff asserts the ALJ's reasons for rejecting Dr. Mabee's opinion must be specific, legitimate, and supported by substantial evidence. (Ct. Rec. 14 at 12-13.) The Commissioner, deeming Dr. Mabee's assessment uncontradicted, asserts the ALJ's reasons must be "clear and convincing." (Ct. Rec. 17 at 9-10.) For review purposes, the Court adopts without deciding the more rigorous standard relied on by the Commissioner.

The ALJ discusses plaintiff's psychological profile outlined in Dr. Mabee's August 13, 2007, evaluation:

> As for the claimant's mental impairments, the claimant alleged symptoms of depression and anxiety during a [DSHS] consultative examination. According to the narrative report prepared by the consultative examiner, the claimant perceives others as unsympathetic to his somatic concerns and unsupportive of his perceived limitations. He has hostility and suspiciousness toward others. Her has an unusual amount of concern about physical functioning and health matters and probable impairment arising from somatic symptoms. He has low self esteem. He experiences a moderate amount of sadness and physiological disturbances. The claimant describes a number of problematic personality traits. He appears uncertain about major life issues and has little direction or purpose in his life as it currently stands

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 9 -

(Exhibit 6F/10).  The claimant occasionally experiences a mild degree of maladaptive behavior. He experiences some degree of anxiety and stress.  He reports a personality style that involves a degree of adventurousness, risk-taking, and a tendency to be rather impulsive. The claimant describes himself as a socially isolated individual who has few interpersonal relationships that could be described as close and warm (Exhibit 6F/11).

(Tr. 23.)

The ALJ rejects the opinion:

Nonetheless, the record reflects no actual treatment for this alleged impairment.  The claimant has not sought counseling and he is not taking any anti-depressants or anti-anxiety medications (Exhibit 9E/3). This indicates the claimant's symptoms are not significant.  Moreover, the MMPI-2 revealed the claimant was over reporting or exaggerating his symptoms and the Personality Assessment Inventory (PAI) suggested the claimant may not have been forthright in his responses (Exhibit 6F/8, 12).  Furthermore, when asked about his symptoms of depression at the hearing, the claimant simply stated it is hard to adjust to doing nothing after being used to working. He did not elaborate as to any ongoing symptoms.

(Tr. 23.)  Plaintiff alleged two suicide attempts but failed to describe them.  The ALJ notes there are no medical records related to any suicide attempt.  Accordingly, the ALJ correctly found no evidence of attempted suicide since onset. (Tr. 23.)

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible.  (Tr. 21.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 10 -

cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility: 1) plaintiff's symptoms are relieved with proper medication; 2) medical records, as well as plaintiff's descriptions of his activity level in March, August, September and November of 2007, contradict disabling impairment due to chest pain or myocarditis; 3) plaintiff's complaints of left leg pain and numbness, and his back pain, have not been treated with prescription pain medication. Treatment has been limited to recommended stretching exercises with no referral to physical therapy or for evaluation by a specialist; 4) plaintiff was less than candid about his drug use; and 5) no treating or examining physician has opined plaintiff is disabled "or even has limitations greater than those determined in this decision." (Tr. 22, 24-25.)

The record supports the ALJ's reasons. In March of 2007, three months after onset, plaintiff complained of "only occasional

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 11 -

chest pain and palpitations if he took his coreg late."
Plaintiff's breathing was fine and he was tolerating activity
well. (Tr. 22, referring to Exhibit 9F/1).  Records show in August
of 2007 plaintiff had a normal maximal exercise test without
symptoms or EKG change to suggest ischemia.  Subsequent tests were
also normal. (Tr. 22, referring to Exhibit 7F/1-2).  In March of
2007 plaintiff was doing well and walking daily. In September of
2007, he reported walking one mile with rests. (Tr. 22, referring
to Tr. Exhibits 9F/1, 10F/2.) Plaintiff takes no prescribed pain
medication. (Tr. 22, referring to Tr. 176)(only medications are
crestor for cholesterol and coreg, a blood thinner.)

     Plaintiff testified he quit using illegal drugs six years
before the hearing. The ALJ observes plaintiff told Dr. Mabee  he
last smoked marijuana in May or June of 2007. (Tr. 24, referring
to Tr. 262.)

      The ALJ's reasons for finding plaintiff less than fully
credible are clear, convincing, and fully supported by the record.
*See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir.
2002)(proper factors include inconsistencies in plaintiff's
statements, inconsistencies between statements and conduct, and
extent of daily activities).  Noncompliance with medical care or
unexplained or inadequately explained reasons for failing to seek
medical treatment also cast doubt on a claimant's subjective
complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.
2d 597, 603 (9th Cir. 1989).

     The ALJ observes Dr. Mabee opined plaintiff was moderately
limited in all areas of social functioning. (Tr. 25, referring to
Exhibit 6F.) The ALJ rejected the opinion because plaintiff had no

treatment, and took no medication for, any psychological impairment after onset (Tr. 23), leading to the conclusion any symptoms are not significant.  The record supports the ALJ's reason.

The ALJ correctly notes results on two tests showed plaintiff exaggerated, over reported symptoms, or was less than forthright. (Tr. 23,25 referring to Exhibit 6F/8, 12.) The ALJ found significant plaintiff's lack of testimony describing any ongoing psychological symptoms. Dr. Mabee's assessed limitations appear based on plaintiff's unreliable self report. (Tr. 25.)  These are clear and convincing reasons for rejecting Dr. Mabee's assessed social functioning limitation. *See Bayliss v. Barnhart*, 427 F.3d 1211,1216 (9th Cir. 2005).

The Commissioner opines any error by the ALJ's rejection of Dr. Mabee's assessment is harmless because the ALJ accounted for some moderate limitations in social functioning in plaintiff's RFC. (Ct. Rec. 17 at 11-12.)   The ALJ indicates plaintiff would work best at a job with perfunctory social interactions.  (Tr. 20, 23.)  The Commissioner is correct.  A mistake that is "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion" is harmless error.  *Stout v. Comm'r. Soc. Sec.* Admin., 454 F.3d 1050,1052 (9th Cir. 2006).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 13 -

evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

*Physical impairments - ME''s testimony*

Plaintiff alleges the ALJ erred when he assessed an RFC for light work "by relying on the testimony of [medical expert] Dr. Beezy." (Ct. Rec. 14 at 14.) Plaintiff contends the medical records clearly support the physical impairments of viral myocraditis, syncope, GERD, obesity, chest and back pain, and hypertension. He alleges his impairments cause fatigue, as well as the need to lie down six times daily for 30-45 minutes "to calm his heartbeat." (Ct. Rec. 14 at 15.) The Commissioner responds the ALJ properly assessed the RFC based on plaintiff's credibility, the medical record, and Dr. Beezy's testimony. (Ct. Rec. 17 at 12-18.)

The Commissioner is correct.  Plaintiff's viral myocarditis had resolved with proper medication, according to Dr. Breezy's testimony and plaintiff's statements to treatment providers.  The ALJ notes treating physician Pavel Conovalciuc, M.D. opined plaintiff's exercise endurance is not largely compromised by his heart condition.  (Tr. 22,25; Tr. 285,291, 307-308.)

Complaints of disabling back pain are contradicted by minimal objective findings (Tr. 311), full range of motion on examination (Tr. 306), no major back abnormalities noted during Dr. Conovalciuc's examination, and treatment consisting of tylenol and recommended stretching exercises (Tr. 305-306). (Tr. 21-22, 25.)

The ALJ points out plaintiff's GERD is controlled with an over-the-counter remedy and he takes no medication for

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 14 -

hypertension. (Tr. 22.) Plaintiff first reported syncope episodes of unknown origin in July of 2007, six months after onset.  (Tr. 22 referring to Exhibit 7F/3.) Plaintiff complained of ongoing dizzy spells and chest pain in September of 2007, but the ALJ observes he was able to walk one mile at the time with rest breaks. (Tr. 22.)  There is no evidence plaintiff has been disabled by fainting spells for the requisite twelve month period. The ALJ considered obesity. Plaintiff lost nearly 30 pounds by the hearing. (Tr. 22-23.)  The ALJ concludes, based on the record, this impairment alone or in combination would not prevent plaintiff from performing a range of light work.  As indicated, the ALJ observes no treatment provider has opined plaintiff is disabled or unable to perform light work.  (Tr. 24.)

With respect to substance abuse, because the ALJ found plaintiff not disabled, no further analysis was required.

After review the Court finds the ALJ's assessment of the medical evidence and of plaintiff's credibility are supported by the record and free of legal error.

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 15 -

provide copies to counsel for Plaintiff and Defendant, enter
judgment in favor of Defendant, and **CLOSE** this file.

DATED this 9th day of November, 2009.


s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE